{¶ 24} I respectfully disagree with, and dissent from, the majority opinion. While a child's relationship with his or her grandparents is very important, the custody rights of a natural parent are paramount to the rights or interests of a grandparent. Troxel v.Granville (2000), 530 U.S. 57. Moreover, maintenance of the bond between a natural parent and his or her child is more important than any concern over the child's relationship with other, more distant, family members.In re Hill (Apr. 4, 2003), 11th Dist. No. 2002-G-2486, 2003-Ohio-1748, 2003 Ohio App. LEXIS 1658 (Grendell, J., dissenting); Pecek v. Giffin
(Apr. 12, 2002), 11th Dist. No. 2000-L-185, 2002-Ohio-1684, 2002 Ohio App. LEXIS 1670.
 {¶ 25} In this case, the magistrate and lower court found that appellant was an "unsuitable" parent primarily based on the magistrate's belief that appellant would sever Christopher's relationship with his paternal grandmother and appellant's family, from whom she was estranged. Putting a concern about these other relatives over the bond between a mother and her son (as well as the fundamental right of a parent to raise her child) reflects misplaced priorities and is in opposite to the U.S. Supreme Court's decision in Troxel, supra.
 {¶ 26} Parental unsuitability, in a case such as this one, should concern the natural parent's current ability to provide and care for her child, not judicial speculation about the future. In this case, the magistrate apparently based the suitability decision on appellant's past lack of visitation (while Christopher's father was alive) and speculation as to appellant's potential future conduct concerning Christopher's paternal grandmother and appellant's family. While that speculation is, in part, based on some professional testimony, that testimony was, itself, somewhat speculative. If estrangement from one's family or difficulties in one's relationship with the other natural parent's parents (i.e., in-laws) constitutes sufficient "suitability" grounds for removal of child custody, there are millions of children currently living in such "unsuitable" conditions in this country. While enjoying an amenable relationship with a child's extended family is a commendable goal, it cannot take precedence over the natural parent-child relationship.Troxel, supra. Moreover, to imply that a single mother is unsuitable to raise her child without input from other family members is an insult to the numerous single mothers who successfully raise their children without such "assistance." We do not need a transcript to reach these conclusions.
 {¶ 27} It is apparent on the face of the record before this court that the magistrate and lower court misapplied the suitability standard and failed to recognize appellant's constitutionally protected parental rights in this case, as a matter of law. Troxel, supra.
 {¶ 28} For these reasons, I would reverse the decision of the lower court and remand this case to the trial court for further proceedings consistent with this opinion.